IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY MARSHALL #183459
    Plaintiff                        :

    v.                                  :     CIVIL ACTION NO. JFM-09-2154

ROBERT FRIEND, et al.              :
    Defendants

## MEMORANDUM

Plaintiff Gregory Marshall filed a civil rights complaint seeking injunctive relief mandating his transfer to another Maryland prison or mental health facility. He alleges that on August 11, 2009, correctional defendants, Lt. Robert M. Friend and Mental Health Counselor Ronald S. Weber intentionally placed him in a cell with a violent gang member who within hours attempted to choke him.[1] Marshall also complains that five days prior to placement in the cell, he was kept in an isolation cell known as the "ice box," and forced to sleep naked without a mattress.[2] Although Marshall is barred generally from civil filings under the "three strikes" provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g),[3] the undersigned permitted this case to proceed with regard to Marshall's assertion that defendants Friend and Weber deliberately housed him with a cell mate likely to cause him to be harmed or killed. Counsel for

---

[1] Marshall also names as defendants Commissioner of Correction J. Michael Stouffer, Western Correctional Institution Acting Warden James E. Tichnell, and Director of Security Solomon Hejirika. Hejirka has not been served with summons and complaint but had service been obtained, Hejirika would be entitled to dismissal, as no allegations specify his involvement in this incident. Marshall likewise has failed to allege involvement on the part of Commissioner Stouffer. The Commissioner also is entitled to dismissal from this action.

[2] Marshall does not indicate whether he suffered actual injury as a result of his five day placement in isolation, and does not identify the individuals responsible for his placement there. As a result, the named defendants have not responded to this claim. The claim shall, therefore, be dismissed without prejudice.

[3] Marshall's complaints were dismissed as frivolous or pursuant to Federal Rule of Civil Procedure 12(b)6 in *Marshall v. Lanham,* AW-97-990 (D. Md.) (dismissed April 8, 1997); *Marshall v. Correctional Center of Howard County*, AW-97-2536 (D. Md.) (dismissed August 19, 1997); and *Marshall v. Kemmerer*, AW-02-2133 (D. Md.) (dismissed July 26, 2002).

1

defendants has responded to Marshall's claims by filing a motion for summary judgment (Paper No. 20), which Marshall has opposed. Paper No. 25. The failure-to-protect issue raised in the complaint, as well as non-dispositive motions filed by Marshall, may be resolved without hearing. *See* Local Rule 105.6 (D. Md. 2009).

## Non-Dispositive Motions

On October 27, 2009, Marshall moved for default judgment. Paper No. 8. Pursuant to local practice, defendants' response was not due until November 21, 2009. The default judgment motion is denied.

Marshall also seeks transfer to Patuxent Institution and initiation of an investigation of the August 11, 2009 incident by the Maryland State Police, and requests a delay in the disposition of this case until the conclusion of the investigation. Paper No. 10. This court lacks the authority to convene a state police investigation and finds no need to grant the injunction requiring Marshall's transfer. The party seeking preliminary injunctive relief must demonstrate: (1) by a "clear showing" that he is likely to success on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ---, 129 S.Ct. 365, 374-376 (2008).[4]   The failure to make a clear showing of irreparable harm is, by itself, a ground upon which to deny injunctive relief. *See Direx Israel, Ltd. v. Breakthrough Medical Corporation*, 952 F.2d 802, 812 (4th Cir. 1992.) The irreparable harm must be "neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989); *see also Dan River, Inc. v. Icahn*, 701

---

[4] The previous Fourth Circuit balance-of-hardship test set out in *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1997) is no longer to be applied when granting or denying preliminary injunctions, as the standard articulated in *Winter* governs the issuance of such emergency relief. *See Real Truth About Obama, Inc. v. Federal Election Com'n,* 575 F. 3d 342 (4th Cir. 2009).

F.2d 278, 284 (4th Cir. 1983). Marshall has failed to show irreparable harm and demonstrate a need for transfer to a mental health facility. His claim that he requires single cell status because every cell mate is a gang member remains unsubstantiated. It is not the province of this court to determine how a particular prison might be more beneficently operated; the expertise of prison officials must be given its due deference. *See Sandin v. Conner*, 515 U.S. 472, 482 (1995). Given the standard of review, injunctive relief cannot be granted on unsubstantiated claims of risk of harm.[5]

Marshall next seeks to amend the complaint to allege a failure to protect him from another cell mate with whom he fought on October 26, 2009. Paper No. 13. Marshall states the October 26 assailant, "Torque," is a gang member and Marshall told Officer Wilson not to house Torque in his cell. Wilson ignored Marshall's request, placed Torque in Marshall's cell, and an immediate fight ensued. Marshall again seeks transfer to another prison and a state police investigation into what he believes is a gang's "contract" on his life. The claim is at best tangentially related to the underlying complaint. While Marshall is free to file the claim as a new lawsuit, he will not be permitted to amend the complaint here.

Regarding Marshall's motion for disqualification (Paper No. 17), 28 U.S.C. § 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." Title 28 U.S.C. § 455 (a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceedings in which his impartiality might reasonably be questioned."

To be disqualifying, the alleged bias or prejudice must stem from an extrajudicial source.

---

[5] Moreover, given that Marshall has a forum for his complaint, equitable remedies, such as temporary restraining orders, shall not be given.

3

*See United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1996). In other words, it must arise from "events, proceedings, or experiences ourtside the courtroom." *Sales v. Grant,* 158 F. 3d 786, 781 (4th Cir. 1998). Thus, on their own judicial rulings "almost never constitute a valid basis for a bias or partiality motion." *United Sates v. Lentz,* 524 F. 3d 501, 530 (4th Cir. 2008) (citing *Liteky v. United States,* 510 U.S. 540m 550 (1994)) (internal quotation marks omitted). Moreover, opinions formed by the judge during the current proceeding, or a prior one, do not generally warrant recusal. *Id.* A judge is neither required to recuse herself "simply because of unsupported, irrational or highly tenous speculation", nor "simply because [she] possesses some tangential relationship to proceedings." *United States v. Cherry,* 330 F. 3d 658, 665 (4th Cir. 2003) (internal citation omitted).

Finally, the judge against whom the claim of bias is filed may rule on its legal sufficieny. See *Marty's Floor Covering Co., Inc. v. GAF Corp.* 604 F.2d 266, 268 (4th Cir. 1979) (internal citation omitted). The affidavit shall be construed "strictly against the movant to prevent abuse." *U.S. v. Miller*, 355 F. Supp.2d 404, 405 (D. D.C. 2005). Marshall's claims do not presently support an inference of bias nor otherwise demonstrate a need for recusal.

<u>The Dispositive Motion</u>

Standard of Review

Summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *See Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The

moving party bears the burden of showing that there is no genuine issue of material fact.  *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the non-movant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility."  *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."  *Bouchat,* 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

Defendants argue that Marshall has failed to exhaust administrative remedies with regard to his claim that he told defendants Friend and Weber that "Spike" would attack Marshall because Spike was a member of the "Bloods," who had a "contract" on Marshall's life.  Defendants contend that Marshall filed an initial Administrative Remedy Procedure (ARP) request, but refused to be interviewed concerning ARP Complaint No. WCI-1213-09.  Paper No. 20-1 at 4  and 20-6 at 1-5.  Marshall contends that his attempts to complete ARP exhaustion were thwarted when the Warden failed to provide him a copy of the ARP response.  Paper No. 25-1 at 10-11.  Defendants have not produced documentation showing that Marshall was given the Warden's findings concerning the ARP.  The court will, therefore, examine the merit of Marshall's claim.

To prevail on his Eighth Amendment claim that defendants failed to protect him from an assault by another inmate, Marshall must establish that defendants exhibited deliberate or callous

indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F. 2d 977, 979 (4th Cir. 1987). "Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994) (citations omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837; *see also Rich v. Bruce,* 129 F. 3d 336, 339–40 (4th Cir. 1997).

Marshall complains that over his objections he was placed in a cell with "Spike," a known gang member with a recent history of assault against cell mates.[6] Prison investigators found that defendant Weber had not spoken to Marshall for approximately a year prior to the incident, and concluded that Weber had not been involved in assigning Marshall to "Spike's" cell. Furthermore, Spike was not a known member of the Bloods or any other prison security threat group, and was not listed on Marshall's "enemies list." Paper No. 20-3 to 20-6. Marshall's mere belief that many of the younger prisoners are tied to prison gangs and may prey on a prisoner in his mid-forties, without more, does not establish a known risk of harm sufficient to place corrections personnel on notice that a serious risk of harm exists.

Accordingly, by separate order which follows, summary judgment shall be granted in favor of defendants.

---

[6] Marshall's statement to the contrary, it appears that "Spike" did not use a rope to attempt to strangle Marshall; instead, he grabbed Marshall around the neck from behind. The incident was immediately observed by correctional staff who attempted to separate the men before spraying them with mace, forcing their compliance. Both men were then treated for minor injuries and exposure to pepper spray. *See* Exhibits attached to Paper No. 20.

<u>May 19, 2010</u>                                   ___/s/_____
(Date)                                                   J. Frederick Motz
                                                         United States District Judge